UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J.I.R., a minor, [1] by and through his next friend, WILLIE ROBINSON, <br><br> Plaintiff, <br><br> v. <br><br> NORMANDY SCHOOLS COLLABORATIVE [2] and FREDERICK ABERNATHY, <br><br> Defendants. | No. 4:19 CV 2464 DDN |

## MEMORANDUM AND ORDER

Before the Court are the motions of defendants Frederick Abernathy (Doc. 11) and the Normandy Schools Collaborative ("School District") (Doc. 9) to dismiss the Second Amended Petition of plaintiff (Doc. 29) ("complaint"). All parties have consented to the exercise of plenary authority by a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

---

[1] Plaintiff is a minor. Pursuant to Federal Rule of Civil Procedure 5.2(a)(3), plaintiff must be identified in filed materials by name initials, in this case, J.I.R. In plaintiff's Second Amended Petition and in defendants' joint Notice of Removal, plaintiff's given name is used. The Court directs the Clerk of Court to place defendants' Notice of Removal and plaintiff's Second Amended Petition under seal. Plaintiff must file in the public view a copy of the Second Amended Petition with plaintiff's given name replaced by his initials; defendants must do the same with their Notice of Removal.

[2] Defendant School District is identified in the pending Second Amended Petition (filed in the Missouri Circuit Court before removal to this Court) variously as "Normandy School District" and "Normandy Schools Collaborative." The Court takes judicial notice that on July 1, 2014, well before the incident alleged in the Second Amended Petition, the Missouri State Board of Education created the Normandy Schools Collaborative as a school district within the same boundaries as the predecessor Normandy School District in St. Louis County, Missouri. *See* https://dese.mo.gov/ Normandy.

Plaintiff commenced this civil action in the Circuit Court of St. Louis County. In that court, plaintiff's original petition was dismissed with leave to amend. On August 23, 2019, plaintiff filed his Second Amended Petition in the Circuit Court. In that pleading, for the first time plaintiff alleged defendants violated his rights not only under Missouri law but also under the Constitution of the United States. On August 30, 2019, defendants jointly removed this action to this Court. Now defendants have moved in this Court to dismiss.

### **Plaintiff's Complaint**

Plaintiff alleges the following facts in his complaint. On April 20, 2018, plaintiff was a fourteen-year-old male who was enrolled as a student at Normandy Middle School in the Normandy School Collaborative in St. Louis County, Missouri. (Doc. 6, ¶ 7.) On that day, defendant Frederick Abernathy was employed by defendant School District as a security officer at Normandy Middle School. (*Id*. at ¶ 8.) Defendant School District, at the times relevant to plaintiff's complaint, furnished Normandy Middle School with security officers. (*Id*. at ¶ 9.)

Plaintiff alleges that on April 20, 2018, on the premises of Normandy Middle School defendant Abernathy confronted plaintiff as he attempted to leave the school. (*Id*. at ¶ 10.) Plaintiff alleges he attempted to walk away from Abernathy who then pulled out a taser or stun gun, shoved plaintiff against a wall, and discharged the stun gun into his abdomen, causing him to suffer physical injury and emotional distress. (*Id*. at ¶¶ 11-13, 27.) Plaintiff alleges that he had shown Abernathy "no violence or physical resistance" (*id*. at ¶ 19h), and that Abernathy intentionally fired the taser into plaintiff's abdomen. (*Id.* at ¶ 27.) Plaintiff also alleges that defendant School District allowed defendant Abernathy to possess a taser despite the fact that bringing one onto the school premises directly violated the School District's stated policy. (*Id.* at ¶ 33.)

Plaintiff's complaint alleges the following claims:

(1) Under Missouri law against both defendants: 15 specifications of negligence against Abernathy and vicarious liability against the School District for the negligence of Abernathy, its employee (Count 1);

(2) Under Missouri law against the School District: negligence in the hiring, training, retention, and/or entrustment of Abernathy (Count 2);

(3) Against Abernathy: using excessive use of force in violation of plaintiff's Fourth, Eighth, and Fourteenth Amendment rights (Count 3); and

(4) Against the School District: failing to train Abernathy resulting in violation of plaintiff's Fourth Amendment rights, and for the use of excessive force under a theory of agent/employer liability against School District (Count 4).

(Doc. 6.)

## **DEFENDANT ABERNATHY'S MOTION TO DISMISS**

Defendant Abernathy moves to dismiss the Count 1 state law negligence claim, because it is barred by the doctrine of official immunity, and to dismiss the Count 3 claim that Abernathy violated plaintiff's Fourth Amendment rights through the use of excessive force. (Doc. 11.)

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss all or part of a complaint for its failure to state a claim upon which relief can be granted. To overcome a motion to dismiss under Rule 12(b)(6), a complaint "must include enough facts to state a claim for relief that is plausible on its face," providing more than just labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausible allegations are required in a complaint to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and plaintiff's allegations must rise above mere speculation. *Twombly*, 550 U.S. at 555.

In reviewing the pleadings under this standard, the Court must accept all the plaintiff's factual allegations as true and draw all inferences in the plaintiff's favor, but the Court is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Retro Television Network, Inc. v. Luken Commc'ns, LLC,* 696 F.3d 766, 768-70

(8th Cir. 2012). Additionally, the Court "is not required to divine the litigant's intent and create claims that are not clearly raised . . . and it need not conjure up unpled allegations to save a complaint." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (citations to quotations omitted).

### Count 1

Count 1 alleges that defendant Abernathy is liable for the injuries and damages sustained by plaintiff, which were caused by Abernathy in breach of his duty of reasonable care to protect students of Normandy Middle School. (Doc. 6, ¶¶ 3-5.) Defendant argues the claim is barred by the Missouri state law doctrine of official immunity. (Doc. 11, ¶ 4.)

1. Official Immunity

Generally, under Missouri law, employees of a public school district are entitled to official immunity, and they are thereby protected from liability for alleged acts of negligence committed during the course of their official duties. *See Woods v. Ware,* 471 S.W.3d 385, 391 (Mo. Ct. App. 2015). Analysis of the official immunity doctrine turns on whether the public employee was performing a discretionary task, for which there is immunity, or a non-discretionary ministerial task, for which generally there is not. *Southers v. City of Farmington,* 263 S.W.3d 603, 610 (Mo. banc 2008). "A discretionary act requires the exercise of reason and discretion in determining how an act should be done or what course of action should be pursued." *Woods,* 471 S.W.3d at 392. A ministerial function is one that the employee "is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion." *Id.* Thus, a public employee is only liable for a ministerial act, if the conduct violates a mandated duty. *Nguyen v. Grain Valley R–5 School District,* 353 S.W.3d 725, 730 (Mo. Ct. App. 2011). The goal of the doctrine is "to permit public employees to make judgments affecting public safety and welfare without concerns about possible personal liability." *Southers, 263 S.W.3d at 611.*

Without allegations that defendant Abernathy violated a departmentally mandated duty, plaintiff's complaint would fail to state a claim under Missouri law that is not barred by the doctrine of official immunity as a matter of law. *State ex rel. Twiehaus v. Adolf,* 706 S.W.2d 443, 445 (Mo. banc 1986); *Boever v. Special School District of St. Louis County,* 296 S.W.3d 487, 492 (Mo. Ct. App. 2009). Here, defendant argues that plaintiff failed to plead a violation of a ministerial duty and instead pleaded discretionary acts, and that he failed to allege that defendant's acts breached a statute or regulation. Further, defendant argues that no policy is referenced in the complaint or attached to it as an exhibit. Therefore, a policy is not properly before the Court on the motion to dismiss. Defendant further argues that the reference to a policy in the pleading lacks specific language evidencing an intent to modify or supersede immunity protections and cannot serve as a basis for avoiding official immunity.

Plaintiff clearly alleges that the School District had a policy that prohibited defendant Abernathy from bringing a taser onto the school premises. (Doc. 6 at ¶ 33.) This asserted policy was not more fully described or quoted in the pleading or attached as an exhibit.[3] However, this description of the policy, although concise, is clear enough to give the defendants fair notice of it and sufficient information for pretrial discovery to occur in this regard. *C.N. v. Willmar Pub. Sch.*, 591 F.3d 624, 634 (8th Cir. 2010) (noting plaintiff's vague allegations did not give defendant fair notice of plaintiff's claims).

2. <u>Discretionary Duty and Bad Faith</u>

Plaintiff also argues that under Missouri law official immunity does not apply to discretionary acts done in bad faith or with malice. *Steven v. Dunn*, 453 S.W.3d 241, 250

---

[3] Plaintiff argues that the relevant policy document is attached as Exhibit A to his Memorandum in opposition to the School District's motion to dismiss. (Doc. 19-1). He argues that the policy prohibits all employees of the School District "to use any form of physical restraint except in emergency situations." (Doc. 19 at 3.) The Court has reviewed this document. Whether or not this documentary description of a policy supports the clearly stated prohibition of an employee from having a taser on school premises that is alleged in the complaint is an issue to be decided in further proceedings.

(Mo. Ct. App. 2014); *Davis v. Bd. of Educ. of the City of St. Louis,* 963 S.W.2d 679, 688–89 (Mo. Ct. App. 1998). Defendant argues the claim must be dismissed, because, having been alleged to have performed a discretionary act, the complaint fails to allege he acted with malice or bad faith.

Plaintiff's allegations do not expressly mention "bad faith" or "malice." However, in the Court's view, the few facts alleged about the incident support an inference of bad faith or malice. Plaintiff alleges that defendant Abernathy confronted him as he attempted to leave school and plaintiff attempted to walk away. The pleading alleges only that, while plaintiff was walking away, Abernathy pulled out a stun gun, pushed plaintiff against a wall, and discharged the stun gun causing injury. Considering plaintiff's factual allegations as true, as the Court must, those facts are plausibly consistent with a reasonable conclusion that defendant Abernathy acted with malice or in bad faith.

For these reasons, defendant Abernathy's motion to dismiss Count 1 is denied.

## Count 3

In Count 3, plaintiff alleges his constitutional rights were violated by defendant Abernathy's excessive use of force. Excessive force claims against public school officials are analyzed as substantive due process claims under the Fourteenth Amendment. *C.N. v. Willmar Pub. Sch.*, 591 F.3d at 634. The Fourteenth Amendment provides: "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const., Amend. 14, § 1. To succeed on this claim, plaintiff must plead and prove five essential elements: (1) he belongs to "a limited, precisely definable group;" (2) defendant's conduct put plaintiff "at a significant risk of serious, immediate, and proximate harm;" (3) the risk was "obvious or known" to defendant; (4) defendant "acted recklessly in conscious disregard of the risk;" and (5) defendant's conduct "shocks the conscience." *Fields v. Abbott,* 652 F.3d 886, 891 (8th Cir. 2011) (quoting *Hart v. City of Little Rock* 432 F.3d 801, 805 (8th Cir. 2005)).

In a case involving corporal punishment of a student, the Eighth Circuit Court of Appeals has applied the following substantive due process factors to determine whether constitutionally excessive force was used: (1) the need for the application of corporal punishment; (2) the relationship between the need and the amount of force actually administered; (3) the extent of injury inflicted; and, (4) whether the force "was administered in a good faith effort to maintain discipline or maliciously and sadistically for the very purpose of causing harm." *Wise v. Pea Ridge School District*, 855 F.2d 560, 564 (8th Cir.1988).

Here, according to the pleaded facts, there was no alleged immediate danger or other purpose for defendant Abernathy's application of force. *Cf. County of Sacramento v. Lewis,* 523 U.S. 833, 834 (1998) (noting that the plaintiff's own illegal behavior was outrageous and the officer's instinctive response was to do his job, not to cause harm). Plaintiff alleges only that Abernathy tased him while he was walking away from him and not acting in an apparently outrageous or illegal manner.

Defendant cites *Golden ex rel. Balch v. Anders*, 324 F.3d 952 (8th Cir. 2003), in which the principal was shielded from liability despite applying physical force against a student after the principal saw the student kick a vending machine. 324 F.3d at 653-54. The court in that case found that the principal's conduct could not be conscience shocking, after determining that the school official had an obligation to respond to the immediate danger posed by the student. *Id*. In this case, plaintiff is alleged to have merely attempted to walk away from the security guard with no alleged context of an exigent situation.

Also, proof of deliberate indifference to constitutional rights can support liability under 42 U.S.C. § 1983. *Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000). Plaintiff pleaded that defendant Abernathy intentionally harmed him, by alleging Abernathy physically shoved him into a wall and fired a Taser at his abdomen. Plaintiff alleges the stun gun was intentionally aimed at plaintiff's abdomen, and defendant intentionally deprived plaintiff of his constitutional right to be free from excessive use of force. Plaintiff has successfully pled the officer acted intentionally.

Accordingly, defendant Abernathy's motion to dismiss Count 3 is denied.

## SCHOOL DISTRICT'S MOTION TO DISMISS

Defendant School District moves to dismiss plaintiff's claims in Counts 1, 2, and 4.

### Counts 1 and 2

In Counts 1 and 2, plaintiff alleges that defendant School District is vicariously liable under Missouri law for his injuries, which were caused by defendant Abernathy, its security officer, in breach of his duty of reasonable care to protect students of Normandy Middle School. (Doc. 6, ¶ 18.) School District invokes the doctrine of sovereign immunity.

Plaintiff agrees to the dismissal of Counts 1 and 2 only as to defendant School District. (Doc. 19 at 2.) Accordingly, Counts 1 and 2 are dismissed with prejudice as to the School District.

### Count 4

A public entity like defendant School District may be liable under 42 U.S.C. § 1983 when an unconstitutional policy or custom causes an injury. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). In this case, plaintiff grounds the School District's liability on a custom of allowing security officer Abernathy to possess a taser on school property in violation of the School District's policy, or, in the alternative, for failing to use adequate training on the non-violent use of a taser before allowing Abernathy to use the taser.

Under *Monell*,

> a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Id.* at 694.

Plaintiff must allege facts that plausibly indicate that defendant School District had notice of a pattern of unconstitutional acts to support liability under § 1983. *Doe v. Gooden*, 214 F.3d at 955-56. An isolated instance of an unconstitutional action is an insufficient basis for liability against a governmental institution under *Monell*. *Jane Doe A v. Special Sch. Dist. of St. Louis County,* 901 F.2d 642, 646 (8th Cir. 1990); *Alberternst v.* Hunt, 2011 WL 6140888 at *7 (E. D. Mo. 2011); *Winningham v.* Roberts, 2020 WL 359144 at *7 (E. D. Ark. 2020).

Although plaintiff sufficiently pleaded details of the incident, there is no language in the complaint that indicates a pattern of unconstitutional conduct. For example, plaintiff alleges defendant School District intentionally, purposefully, and knowingly had a policy, practice, regulation or custom of giving minimal training about the usage of the Taser. Yet the complaint alleges the district's policy does not allow a stun gun on school property. These allegations of an unconstitutional custom are inconsistent, conclusory, and fail to allege even generally a pattern of unconstitutional activity among district employees. The incident with defendant Abernathy can only be inferred as isolated since no other incidents are alleged.

Plaintiff refers the Court to an online internet article to indicate the existence of the requisite pattern of unconstitutional acts. Such an extra-pleading material may or may not be relevant to a motion to dismiss that tests the legal sufficiency of a complaint's allegations. *Missouri ex rel. Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1107 (8th Cir. 1999).

The Court has reviewed the two pages of textual material in this article. (Doc. 19-3 at 2-3.) The article refers to the incident that gave rise to this judicial action. It refers to security officers in St. Louis County not being authorized to use tasers or stun guns and the School District's policy of prohibiting "anyone other than an authorized law enforcement officer from carrying a gun, concealed weapon or any weapon capable of deadly use on school grounds, according to St. Louis Post-Dispatch." (*Id.* at 2.) The article states that a St. Louis County Police Sergeant stated that police "found at least some of the 15 Normandy security officers have been carrying unauthorized 'protective

devices.'" (*Id..*) The article also states that the St. Louis County Police Sergeant wrote in an email that, as of April 30 (apparently after the incident between plaintiff and defendant), "all Normandy school security officers have been barred from carrying any protective device, including a firearm, baton, pepper spray ***or taser***." (*Id.*) (emphasis added). The article also states that four times earlier in the year before the instant incident a Normandy school security officer had used force, while no use of force reports had been filed for the last seven years. The article also stated that a Normandy spokeswoman stated that the four times security officers used force this year were "unfortunate, yet isolated, incidents in our district." (*Id.* at 3.) The article also stated that in 2012 the School District settled lawsuits against Normandy security officers, one involving allegations an officer gave a student a concussion and the other alleging the rupture of a student's heart. (*Id.*) The statements in this article are not themselves sufficient to satisfy plaintiff's obligation to plausibly allege a pattern of unconstitutional actions upon which plaintiff can base his Count 4 claim against the School District.

In the alternative, plaintiff alleges that defendant School District failed to train defendant Abernathy in the proper use of the taser that resulted in the injuries plaintiff sustained. Indeed, an unconstitutional failure to train can support a claim under § 1983. However, "[o]nly where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city "policy or custom" that is actionable under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989); *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019); *Corwin v. City of Independence, MO.*, 829 F.3d 695, 699 (8th Cir. 2016).

Supporting the conclusion that defendant School District unconstitutionally failed to train defendant Abernathy, plaintiff alleges School District:

> failed to adequately train Defendant Abernathy . . . how to properly and safely respond to confrontations with students; how to properly and safely use and discharge a stun gun; allowing Defendant to carry a stun gun on school premises despite [a] written policy preventing the carrying and use of any weapon.

(Doc. 6 ¶ 16.) Alleging that defendant School District failed to train its security officer in the proper use of the device, while allowing him to carry it in violation of an alleged policy plausibly alleges a constitutional violation. In this respect the motion to dismiss Count 4 is denied.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the Clerk of Court place defendants' Notice of Removal and plaintiff's Second Amended Petition under seal. Not later than ten days from the date of this order, plaintiff must file in the public view a copy of the Second Amended Petition with plaintiff's given name replaced by his initials; defendants must do the same with their Notice of Removal.

**IT IS FURTHER ORDERED** that the motion of defendant Abernathy to dismiss plaintiff's Counts 1 and 3 claims (Doc. 11) **is denied**.

**IT IS FURTHER ORDERED** that the motion of defendant School District to dismiss plaintiff's Counts 1 and 2 claims (Doc. 9) is s**ustained**. These claims are dismissed with prejudice.

**IT IS FURTHER ORDERED** that the motion of defendant School District to dismiss plaintiff's Count 4 claim (Doc. 9) is **denied.**

_____/s/   David D. Noce_____
**UNITED STATES MAGISTRATE JUDGE**

Signed on February 19, 2020.